UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

**ADRIANA ROBINSON,**

Plaintiff,

v.                                    Civil Action No. 3:25-cv-09794-JFA-PJG

**NELNET, INC.,**
**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**TRANSUNION LLC,**
**CAPITAL ONE AUTO FINANCE,**
**CAPITAL ONE BANK (USA), N.A.,**
**GUILD MORTGAGE COMPANY,**
**RECEIVABLE MANAGEMENT SERVICES, LLC,**
Defendants.
_____/

## VERIFIED COMPLAINT

### I. PARTIES, VENUE & JURISDICTION

1. Plaintiff Adriana Robinson is a natural person and consumer residing in Columbia, South Carolina.

2. Defendant Nelnet, Inc. is a corporation organized under the laws of Nebraska with its principal place of business in Lincoln, Nebraska.

3. Defendant Equifax Information Services, LLC is a limited liability company organized under the laws of Georgia, with its principal place of business in Atlanta, Georgia.

4. Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of Ohio, with its principal place of business in Costa Mesa, California.

1

5. Defendant TransUnion LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Chicago, Illinois.

6. Defendant Capital One Auto Finance is a division of Capital One, N.A., a national banking association organized under the laws of the United States with its principal office in McLean, Virginia.

7. Defendant Capital One Bank (USA), N.A. is a national banking association organized under the laws of the United States with its principal office in McLean, Virginia.

8. Defendant Guild Mortgage Company is a corporation organized under the laws of California with its principal place of business in San Diego, California.

9. Defendant Receivable Management Services, LLC is a limited liability company organized under the laws of Delaware, with its principal place of business in Bethlehem, Pennsylvania.

10. Venue and jurisdiction are proper under 28 U.S.C. §1331, §1391 and 15 U.S.C. §1681p.

11. Plaintiff has suffered a concrete, particularized injury fairly traceable to Defendants' conduct and redressable by this Court, as required under *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–41 (2016).

## II. STATUTORY FRAMEWORK

12. The Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681e(b), requires furnishers to provide accurate and complete information to CRAs.

13. Under 15 U.S.C. §1681s-2(a)(3), if a consumer disputes information, the furnisher must mark the account as disputed.

14. Under 15 U.S.C. §1681s-2(b), if a furnisher is notified by a CRA of a consumer dispute, it must reasonably investigate and correct or delete any inaccurate or incomplete information.

## II-A. STATEMENT OF FACTS

Plaintiff Adriana Robinson is a consumer who discovered inaccurate and misleading credit information being reported by the Defendants on or about July 27, 2025, after reviewing her full credit reports from Experian, Equifax, and TransUnion. These reports included multiple accounts that were:

- Incorrectly marked as open despite being paid or transferred,

- Lacking proper dispute notations despite prior written disputes,

- Reporting duplicate or redundant tradelines inflating her total debt burden,

- Misleading in their status descriptors (e.g., "Pays as Agreed" despite payment delinquencies), and

- Reflective of missing or contradictory information across the three major CRAs.

Between February 2024 and June 2025, Plaintiff submitted written disputes to both furnishers and CRAs, identifying numerous errors. However, Defendants failed to conduct reasonable investigations or provide any correction, re-investigation, or deletion as required by the Fair Credit Reporting Act. Plaintiff suffered credit denials, reputational harm, and emotional distress as a direct result of these violations, which support a cause of action under multiple sections of the FCRA.

3

## III. FACTUAL ALLEGATIONS

### A. Nelnet, Inc.

15. On or about July 27, 2025, Plaintiff reviewed her consumer disclosures from Experian, Equifax, and TransUnion.

16. Nelnet furnished over a dozen duplicate tradelines showing "Open/Never Late" or "Deferred/Never Late" for loans that were closed or consolidated years earlier.

17. Nelnet failed to correct duplicate entries, apply payments correctly, or report accurate deferment or balance information.

18. Despite disputes sent by Plaintiff on or about February 2, 2024, and April 10, 2025, no dispute markings (e.g., Metro 2 XB code) were added to the tradelines.

### B. Equifax, Experian, and TransUnion (CRAs)

19. On or about March 2024 and again in June 2025, Plaintiff submitted disputes to each CRA.

20. The CRAs received these disputes but continued reporting inaccurate, misleading, or incomplete data, including false balances, outdated statuses, and missing dispute notations.

21. Equifax reports several Nelnet tradelines as active despite being closed as early as 2022.

22. Experian omits dispute codes and lists charge-offs without clarifying remarks.

23. TransUnion failed to correct duplicate Nelnet accounts and reflect true payment history.

### C. Capital One Auto Finance

4

## III. FACTUAL ALLEGATIONS

### A. Nelnet, Inc.

15. On or about July 27, 2025, Plaintiff reviewed her consumer disclosures from Experian, Equifax, and TransUnion.

16. Nelnet furnished over a dozen duplicate tradelines showing "Open/Never Late" or "Deferred/Never Late" for loans that were closed or consolidated years earlier.

17. Nelnet failed to correct duplicate entries, apply payments correctly, or report accurate deferment or balance information.

18. Despite disputes sent by Plaintiff on or about February 2, 2024, and April 10, 2025, no dispute markings (e.g., Metro 2 XB code) were added to the tradelines.

### B. Equifax, Experian, and TransUnion (CRAs)

19. On or about March 2024 and again in June 2025, Plaintiff submitted disputes to each CRA.

20. The CRAs received these disputes but continued reporting inaccurate, misleading, or incomplete data, including false balances, outdated statuses, and missing dispute notations.

21. Equifax reports several Nelnet tradelines as active despite being closed as early as 2022.

22. Experian omits dispute codes and lists charge-offs without clarifying remarks.

23. TransUnion failed to correct duplicate Nelnet accounts and reflect true payment history.

### C. Capital One Auto Finance

4

24. Capital One Auto Finance reported Plaintiff's auto loan, charged off in 2019, as "Paid in Full – was a Charge-off," falsely suggesting full repayment.

25. The tradeline reports a $7,088 charge-off balance with no supporting documentation or dispute notation following Plaintiff's dispute on May 6, 2025.

### D. Capital One Bank (USA), N.A.

26. Capital One Bank furnished a revolving credit tradeline reflecting monthly delinquencies in 2019, 2021, and 2023.

27. Despite receiving disputes in April 2024 and May 2025, Capital One failed to update the tradeline or reflect the account as disputed.

28. The tradeline continues to state "Pays as Agreed," contradicting its payment history.

### E. Guild Mortgage Company

29. Guild Mortgage's tradeline shows that a mortgage was "purchased by another lender" in 2023.

30. However, the tradeline remained marked as open with no date of closure or successor lender identified.

31. Plaintiff submitted a written dispute to the CRAs and Guild in April 2024, with no response or update.

### F. Receivable Management Services (RMS), LLC

32. RMS listed a collection tradeline with TransUnion for $254 as of January 2025.

33. No matching tradeline appears on Experian or Equifax.

34. Plaintiff disputed the account in February 2025, but RMS failed to update or delete the tradeline or mark it as disputed.

## IV. CLAIMS FOR RELIEF

### COUNT I: Willful Violation of FCRA §1681e(b)

(Against All Defendants)

35. Defendants reported information that was inaccurate, incomplete, and misleading.

36. This constitutes a willful violation under *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 69 (2007).

37. Plaintiff suffered concrete harm, including denial of credit, emotional distress, loss of reputation, and informational injury.

### COUNT II: Failure to Mark Accounts as Disputed §1681s-2(a)(3)

(Against Nelnet, Capital One Auto, Capital One Bank, and RMS)

38. Despite written disputes, Defendants failed to flag accounts as disputed.

39. This omission is actionable as misleading reporting under *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008).

### COUNT III: Failure to Investigate and Correct §1681s-2(b)

(Against Nelnet, Capital One Auto, Capital One Bank, Guild Mortgage, RMS)

40. Upon receiving ACDVs from CRAs, these Defendants failed to conduct reasonable investigations.

41. As held in *Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431–32 (4th Cir. 2004), such failure violates §1681s-2(b) and permits recovery.

**COUNT IV: CRA Liability for Reporting Inaccurate Data**

(Against Equifax, Experian, and TransUnion)

42. CRAs violated §1681e(b) by failing to assure maximum possible accuracy.

43. Upon receiving disputes, CRAs also failed to reinvestigate as required by §1681i.

44. The Fourth Circuit recognizes that CRA failure to correct inaccurate information after notice supports liability. See *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001).

**V. PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award statutory damages under 15 U.S.C. §1681n;

B. Award actual damages to be determined at trial;

C. Award punitive damages for willful violations;

D. Grant injunctive relief requiring correction or deletion of inaccurate tradelines;

E. Award costs and reasonable attorney's fees pursuant to §1681n(c);

F. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

---

\* *DISCLAIMER: Plaintiff respectfully provides citations to Ludwick v. Nelnet, Inc., 2018 WL 1057441 (D. Colo.), and Thomas v. Nelnet, Inc., No. 3:20-cv-03639 (N.D. Cal.), strictly for informational purposes only. Plaintiff understands these cases are not binding upon this Court and does not rely on them as persuasive authority.*

8

## VERIFICATION

I, Adriana Robinson, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on: August 1st, 2025

*[signature]*
Adriana Robinson
885 PINE FOREST CT
COLUMBIA, SC 29210 |
(803) 708-4935